Dissenting opinion by
Chief Justice ANNA M. ATENCIO.
[1] The appeal before the Court is whether the Trial Court erred in not granting the Juvenile’s motion for directed verdict. The Juvenile, through counsel, made two motions for a Directed Verdict, at the close of the Tribe’s case and after the conclusion of the Juvenile’s case. The Juvenile’s appeal states the issue presented as “Whether the Court erred when it denied [the Juvenile’s] Motion for Directed Verdict at the close of [the Juvenile’s] case-in-chief ...” The first motion for directed verdict was mostly based on the argument of corpus delicti. In the second directed verdict motion, the Juvenile raised the issue that there was no evidence that R.N. was deceased and that the Tribe did not disprove their theory of an accident. The Juvenile’s appeal focuses on the lack of evidence presented by the Tribe for the charge of Homicide.
[2] The purpose of the Adjudicatory Hearing is to determine whether there is sufficient evidence to substantiate the facts alleged in the petition beyond a reasonable doubt, Hopi Tribal Ordinance 35, Chapter VI, H(5)(a). The Delinquent Act which was alleged is Homicide, Ordinance 21, Chapter 3, 3.3.39. The Tribe proceeded on the theory of negligence, Ordinance 21, 3.1.1(b), which defines negligently as ... import a want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestowrs in acting in his own concerns.
[3] In a Juvenile Adjudication, the Judge serves as both the trier of fact and law. In In re: Jessi W., 214 Ariz. 334, 152 P.3d 1217 (App.2007) citing In re: William G., 192 Ariz. 208, 963 P.2d 287 (App.1997), states the judgment of acquittal standard is whether the evidence before the court “existed in sufficient quantity so that any rational trier of fact” could find beyond a reasonable doubt that the juvenile had committed the offense. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), held that when a juvenile is charged with an act which would be a crime if committed by an adult, every ele *339 ment of the offense must be proved beyond a reasonable doubt.
[4] The Tribe presented evidence that the Juvenile was playing with a gun, pointed it at the deceased and the gun discharged, killing the victim. Further evidence was presented that the Juvenile had education and training in gun safety and use. The Juvenile had been in the JROTC class in the high school and on the JROTC marksmanship team. The Juvenile was 16½ at the time of the shooting. Basic gun safety and training includes that you always handle a gun as if it is loaded, always know where your gun is pointed, and never point a gun at another person. The Juvenile’s own witness, Steven Ward, testified that it is like one of the Ten Commandments, always keep the muzzle of the gun pointed in a safe direction. Mr. Ward testified that it is not safe to point a gun at another human. Mr. Ward further testified that the gun was not well maintained, but that in his opinion the trigger and safety appeared to work properly. There was evidence presented that the Juvenile’s negligent actions are what led to the gun being discharged, the discharged round striking R.N., and ultimately the death of R.N.
[5] Officer Lalo testified that based on his observations, in his opinion that R.N. was deceased. Officer Lalo provided no testimony of any medical background. However, Officer Lalo was present and saw R.N. at both the location of the shooting and the medical center. Officer Lalo can, and did, offer his lay opinion that R.N. was deceased. Rule 701, Federal Rules of Evidence.
[6] Based on a review of the Court file, transcripts, exhibits, and briefs I respectfully dissent from the majority opinion. I believe that the Tribe presented sufficient evidence for the trier of fact, the Judge, to find beyond a reasonable doubt, that the juvenile committed the offense of homicide. Reviewing this appeal de novo, I believe that the Tribe presented sufficient evidence to withstand the Juvenile’s two Directed Verdict Motions.